IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.R., a minor, by and through his parent, M.D., Garnet Valley, PA 19060 | : : : : : |
| Plaintiffs, | : CIVIL ACTION NO. 26-_____ : |
| v. | : : : |
| GARNET VALLEY SCHOOL DISTRICT, 80 Station Road Glen Mills, PA 19342 | : : : : |
| Defendant. | |

# COMPLAINT

**INTRODUCTION**

1. J.R., a minor, by and through his parent, Megan Disciullo (collectively, "Plaintiffs"), brings this civil action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., seeking review and reversal of an adverse special education due process decision issued on November 17, 2025, and appropriate relief.

2. The challenged decision arose from expedited disciplinary due process complaints concerning J.R.'s placement and whether his conduct was a manifestation of disability. The hearing officer found in favor of the District on both issues and ordered J.R.'s placement in an interim alternative educational setting (IAES) for up to 45 school days while denying all relief sought by the parent.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 20 U.S.C. § 1415(i)(2)(A), which provides any party aggrieved by the findings and decision made under IDEA the right to bring a civil action in a State court of competent jurisdiction or in a district court of the United States.

4. Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to the claims occurred within the Eastern District of Pennsylvania and Defendant Garnet Valley School District is located within this District.

5. Plaintiffs exhausted administrative remedies by filing due process complaints pursuant to 20 U.S.C. § 1415(f), opposing the District's due process complaint and participating in an expedited hearing on November 5, 2025, resulting in a final decision dated November 17, 2025.

6. Plaintiffs seek review pursuant to 20 U.S.C. § 1415(i)(2)(A).

**PARTIES**

7. Plaintiff J.R. (Student) is a thirteen-year-old seventh-grade student residing within the boundaries of the Garnet Valley School District.

8. Student is a "child with a disability" who qualifies for special education under the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. § 1401(3)(A), with classifications of Other Health Impairment (ADHD) and Emotional Disturbance.

9. Plaintiff M.D. is J.R.'s parent and educational decision maker ("Parent").

10. Defendant Garnet Valley School District ("District") is a local educational agency ("LEA") as defined by the IDEA, 20 U.S.C. § 1401(15), 34 C.F.R. § 300.28, 22 Pa. Code 14.102(a)(2)(vii), and a recipient of federal funds as defined by the same, 20 U.S.C. § 140, organized under the laws

of Pennsylvania and responsible for providing J.R. a free appropriate public education ("FAPE") under the IDEA.

**FACTUAL AND PROCEDURAL HISTORY**

11. Student is eligible under the IDEA with classifications of Other Health Impairment (ADHD) and Emotional Disturbance (anxiety and depression).

12. Student's December 12, 2024, IEP (revised April 1 and 29, 2025, and May 16 and 21, 2025) provided learning and emotional support, positive behavior supports and placed him in regular education for approximately 93% of the school day.

13. A November 27, 2024, functional behavioral assessment ("FBA") of Student identified interfering behaviors including noncompliance/defiance and aggression, defined to include physical or verbal acts directed toward others with potential to cause harm (e.g., pushing, hitting/slapping, talking about hurting or fighting someone, and making mean comments), occurring in "waves," with needs in social skills, self-regulation, communication skills, empathy/perspective-taking, and problem solving skills.

14. The FBA identified triggering for those behaviors to include "events occurring outside of school, unstructured situations such as bathroom breaks or transitions, and online interactions with peers."

15. On September 25, 2025, outside of the school day and off-campus, Student sent offensive Snapchat messages to a female peer over a period of minutes, which included insulting/expletive descriptions and suggesting that she should kill herself because no one would care (incident).

16. The female peer and Student had been in a romantic relationship prior to the incident.

17. The female peer continued to contact and attempt to contact Student after the incident.

18. The day after the incident a transient threat assessment conducted by the School concluded Student was not an immediate physical threat.

19. On October 1, 2025, the District convened a manifestation determination meeting and concluded Student's conduct was not a manifestation of a disability.

20. Parent's request for a short postponement of the manifestation determination meeting to prepare and seek legal representation was denied, as was her request to record the meeting.

21. Parent was denied the opportunity to review Student's educational record or evidence relating to manifestation in advance of the meeting, despite multiple requests.

22. The School's meeting notes had significant errors and discrepancies.[3]

23. On October 7, 2025, Parent filed a due process complaint disagreeing with the manifestation decision (ODR #31979-25-26 KE).

24. On October 10, 2025, the District placed Student in an Interim Alternative Educational Setting (IAES) of eSchool for up to 45 school days.

25. Upon placing Student in IAES the District failed to provide a functional behavioral assessment, behavioral intervention services and modifications, designed to address the alleged behavior violation, in contravention of the IDEA and its implementing regulations. 20 U.S.C. 1415(k)(1)(D)(2); 34 CFR § 300.530(d)(1)(ii).

26. On October 11, 2025, the District filed a due process complaint seeking to change Student's placement to IAES for up to 45 school days, alleging the prior existing placement was likely to result in injury to STUDENT or others (ODR #32005-25-26 KE).

27. On October 13, 2025, Parent filed a due process complaint to prevent implementation of the IAES 45-day placement for cause NOREP (ODR #32009-25-26 KE).

28. The District expelled Student on October 21, 2025.

29. A Due Process Hearing on the three (3) complaints was held on November 5, 2025.

30. On November 17, 2025, the hearing officer issued a decision finding:

(a) returning Student to his prior placement is substantially likely to result in emotional injury to others; and

(b) Student's conduct was not a manifestation of disability, relying in part on assertions of lack of remorse, "calculated/premeditated" messaging, alleged emotional injury to the recipient, and credibility determinations adverse to the parent.

Decision attached as Exhibit A (redacted).

31. Under IDEA's disciplinary protections, when a change of placement is contemplated for conduct in violation of a code of student conduct, the LEA must convene a manifestation determination within ten (10) school days to determine whether the conduct was caused by, or had a direct and substantial relationship to, the child's disability, or was the direct result of the LEA's failure to implement the IEP. 20 U.S.C. § 1415(k)(1)(E); 34 C.F.R. § 300.530(e).

32. Without regard to whether the behavior is a manifestation of the student's disability, an LEA may remove a student to a 45-school-day IAES placement if, *inter alia*, the child "[h]as inflicted serious bodily injury upon another person while at school, on school premises, or at a school function under the jurisdiction of an SEA or an LEA." 20 U.S.C. § 1415(k)(1)(G)(3); 34 C.F.R. § 300.530(g)(3).

33. Student did not inflict serious bodily injury, and his conduct was not done while at school, on school premises, or at a school function.

34. An LEA "that believes that maintaining the current placement of the child is substantially likely to result in injury to the child or to others, may request a hearing. 20 U.S.C. § 1415(k)(3)(A); 34 C.F.R. § 300.532(a).

35. A hearing officer may "[o]rder a change of placement of the child with a disability to an appropriate interim alternative educational setting for not more than 45 school days if the hearing officer determines that maintaining the current placement of the child is substantially likely to result in injury to the child or to others." 20 U.S.C. § 1415(k)(3)(B)(ii)(II); 34 C.F.R. § 300.532(b)(2)(ii).

36. Student suffered a denial of FAPE as a result of the IAES placement.

37. Student suffered a denial of FAPE as a result of the erroneous determination that the conduct at issue was not a manifestation of his disabilities.

38. Student's expulsion was a change in placement, in violation of his stay-put/pendent placement rights.

39. Student suffered a denial of FAPE as a result of his erroneous expulsion.

40. Student is entitled to compensatory education for the denial of FAPE.

41. If they prevail on any claim, Plaintiffs are entitled to an award reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B).

**COUNT I -- IAES PLACEMENT**

42. The preceding paragraphs are incorporated as if fully set forth herein.

43. The hearing officer erred in failing to find that the District's unilateral 45-day IAES placement of Student violated the IDEA and its implementing regulations. 20 U.S.C. § 1415(k)(1)(G)(3); 34 C.F.R. § 300.530(g)(3).

44. The hearing officer erred in failing to return Student to the placement from which he was removed, where the removal was in violation of 20 U.S.C. § 1415(k)(1)(G)(3) and 34 C.F.R. § 300.530(g)(3) of the IDEA and its implementing regulations.

45. The hearing officer erred in failing to award compensatory relief for the District's unilateral 45-day IAES placement of Student, in violation of 20 U.S.C. § 1415(k)(1)(G)(3); 34 C.F.R. § 300.530(g)(3) of the IDEA and its implementing regulations.

46. The hearing office erred in finding that there was a substantially likelihood that maintaining Student's placement would result in injury to him or to others, as injury is contemplated by 20 U.S.C. § 1415(k)(3)(A) or (B)(ii)(II); 34 C.F.R. § 300.532(a) or (b)(2)(ii).

47. The hearing officer erred in finding that there was a substantially likelihood that maintaining Student's placement would result in injury to him or to others, where the finding of substantial likelihood was speculative, was not supported by competent evidence, and where the School District did not carry its burden.

48. The hearing officer misapplied IDEA's IAES standard by concluding that returning Student to his school placement is substantially likely to result in injury, relying on speculative assertions of emotional injury and "lack of remorse," without substantial, competent or any evidence and despite the school's own threat assessment deeming the threat transient and not an immediate physical risk.

49. The hearing officer erred in relying on hearsay evidence as to alleged emotional injury or substantial likelihood of emotional injury to the female subject of the snapchat messages or other unnamed students.

50. The hearing officer erred in relying upon witnesses who were not familiar with Student and had not reviewed his relevant history.

**COUNT II – MANIFESTATION OF DISABILITY**

51. The preceding paragraphs are incorporated as if fully set forth herein.

52. The hearing officer improperly treated the manifestation determination issue as moot upon granting IAES relief, contrary to IDEA's requirement that manifestation be determined and its outcome governs disciplinary changes, including expulsion and continued changes beyond any IAES period.

53. The hearing officer's finding that Student's conduct was "calculated, premeditated, and not impulsive" ignored the record's countervailing evidence, including incomplete screenshots and the FBA's recognition of impulsivity, emotional regulation deficits, and behavior occurring in "waves," and improperly discounted the parent's testimony through an unsupported credibility finding.

54. The hearing officer overemphasized the lay parent's statement about manifestation, which is not dispositive as a matter of law.

55. The hearing officer failed to consider the failure of the District's manifestation team members to review relevant Student records when making their manifestation decision.

56. The manifestation decision is contrary to law, not supported by a preponderance of the evidence, and should be reversed.

**WHEREFORE**, Plaintiffs prays the Court find in their favor as to each claim and count, and

    a.    Receive additional evidence as necessary;

    b.    Reverse the November 17, 2025, due process decision and vacate the finding that returning Student to his prior placement is substantially likely to result in injury to others;

  c. Find that the School District's unilateral imposition of the 45-day IAES placement was contrary to the IDEA and its implementing regulations;

  d. Declare that Student's conduct was a manifestation of his disability;

  e. Order Student's immediate return to his appropriate educational placement, vacate the expulsion and order expungement of the entire related disciplinary record;

  f. Order compensatory education to remedy educational harm and denial of FAPE suffered by Student during the IAES and expulsion;

  g. Award Plaintiffs all reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B); and

  h. Grant such other and further relief as the Court deems just and proper.

            Respectfully submitted,

            **WEIR LLP**

DATE: February 9, 2026

            _____
            Alan L. Yatvin, Esquire
            Attorney ID No. 38716
            The Widener Building
            1339 Chestnut Street, Suite 500
            Philadelphia, PA 19107
            (215) 665-8181 (Phone)
            (215) 241-7751 (Fax)
            ayatvin@weirlawllp.com
            *Attorneys for Plaintiffs*